IN THE SUPREME COURT OF THE
STATE OF OREGON

| | |
|---|---|
| In the Matter of Mary Nguyen and Martha Nguyen, Minor Children. | ) Multnomah County Circuit Court<br>) Case nos. 1999-821161;<br>) 1999-821162 |
| STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, MARY NGUYEN, and MARTHA NGUYEN, | ) Petition No. 93201M<br>)<br>) TERMINATION OF PARENTAL<br>) RIGHTS |
| Appellants, Respondents on Review, | ) |
| v. | ) SC S49909<br>) SC S49927 |
| THANH-HOA THI NGUYEN, a.k.a. Thanh Nguyen, | ) CA A115763<br>)<br>) |
| Respondent, Petitioner on Review, | ) |
| and | ) |
| CAO THAI NGUYEN, a.k.a. Cao Nguyen | ) |
| Respondent,<br>Petitioner on Review, | ) **ORDER ALLOWING PETITIONS FOR**<br>) **REVIEW, ORDER DENYING MOTIONS**<br>) **TO DISMISS, ORDER AFFIRMING IN** |
| and | ) **PART AND VACATING IN PART THE**<br>) **DECISION OF THE COURT OF** |
| PEGGY SPERR,<br>Court Appointed Special Advocate | ) **APPEALS, AND REMANDING TO**<br>) **CIRCUIT COURT WITH**<br>) **INSTRUCTIONS** |
| Respondent. | ) |

Upon consideration by the court.

This case concerns the state's petition to terminate the parental rights of petitioners on review. The trial court dismissed the petition to terminate parental rights and the state appealed. The Court of Appeals reversed the judgment of the trial court and remanded the case with instructions to terminate both parents' parental rights. The parents petitioned for review.

While the petitions for review were pending, petitioners notified this court that the parties had reached a stipulated agreement that would result in the termination of petitioners' parental rights. Specifically, petitioners moved to dismiss the petitions for review and for "an order issuing the appellate judgment remanding the case to the Juvenile Court for entry of judgment ordering the voluntary termination of both parents' rights." (Emphasis in original.)

We note that the instructions upon remand from the Court of Appeals do not include an instruction to the trial court to indicate in its judgment that the termination of the parents' rights is voluntary. Therefore, dismissal of the petitions for review will not achieve the ends of the stipulated agreement among the parties. Accordingly, we deny petitioners' motions to dismiss the petitions for review. Instead, in light of the parties' stipulated agreement that the parents' rights be voluntarily terminated, we allow the petitions for review and affirm in part and vacate in part the decision of the Court of Appeals. We vacate only that aspect of the Court of Appeals' decision concerning the instructions to the trial court upon remand. We remand this case to the trial court with instructions to enter a judgment terminating both parents' rights and indicating

that the termination of their parental rights is voluntary.

Dated this 12th day of March 2003.

_____
WALLACE P. CARSON, JR.
CHIEF JUSTICE